Filed 10/27/25  P. v. Gonzalez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>LUIS ARTURO GONZALEZ,<br><br>　　Defendant and Appellant. | G063896<br><br>(Super. Ct. No. 22NF0842)<br><br>O P I N I O N |

　　　　　Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed as modified.

　　　　　Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Luis Arturo Gonzalez was convicted of multiple sex offenses. On appeal, he contends the trial court gave two unconstitutional jury instructions and miscalculated his presentence credits. As respondent concedes, Gonzalez's credits claim has merit. We will therefore modify his presentence credit award. In all other respects, we affirm.

STATEMENT OF FACTS

A detailed recitation of facts is unnecessary to resolve Gonzalez's claims. The prosecution presented evidence Gonzalez raped J.P. when she was 17 years old, sexually assaulted and raped C.I., and lewdly touched his girlfriend's 13-year-old daughter, S.A. Gonzalez testified he did not have sexual intercourse with J.P., his sexual conduct with C.I. was consensual, and he never touched S.A. in a sexually inappropriate manner.

The jury convicted Gonzalez of three counts of forcible rape (Pen. Code, § 261, subd. (a)(2)), two counts of lewd conduct with a minor under the age of 14 (*id*., § 288, subd. (a)), and one count of forcible sexual penetration with a foreign object (*id*., § 289, subd. (a)(1)). It also found true allegations J.P. was a minor aged 14 years or older (*id*., § 264, subd. (c)(2)), and Gonzalez committed sexual offenses against multiple victims (*id*., 667.61, subds. (b), (e)(4)). The trial court sentenced him to prison for 45 years to life, plus six years.

2

DISCUSSION

I.

JURY INSTRUCTIONS

Gonzalez contends his convictions were tainted by two standard jury instructions, CALCRIM No. 1191B and CALCRIM No. 226. We disagree.[1]

*A. CALCRIM No. 1191B*

Pursuant to CALCRIM No. 1191B, the trial court instructed the jury it could consider the evidence of any charged offense that was proven beyond a reasonable doubt as proof Gonzalez had a propensity to commit sex crimes and was thus likely to have committed the other charged offenses.[2] Gonzalez contends this instruction violated his right to due process by lowering the prosecution's burden of proof. As Gonzalez concedes, however, the California Supreme Court rejected this argument in *People v. Villatoro* (2012) 54 Cal.4th 1152. Although Gonzalez claims *Villatoro* was wrongly

---

[1] Although Gonzalez did not object to these instructions in the trial court, raising the prospect of forfeiture, we will entertain his arguments because, as respondent acknowledges, the instructions arguably infringed his substantial rights. (Pen. Code, § 1259.)

[2] The instruction provided: "The People presented evidence that the defendant committed the crimes charged in Counts 1, 2, 3, 4, 5, and 6. [¶] If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit [and did commit] the other sex offenses charged in this case. [¶] If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence in the case. It is not sufficient by itself to prove that the defendant is guilty of another crime. The People must prove each charge [and allegation] beyond a reasonable doubt." (See CALCRIM No. 1191B.)

3

decided and should be reconsidered, we are bound by that decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; *People v. Meneses* (2019) 41 Cal.App.5th 63, 68 [*Villatoro* was dispositive of defendant's due process challenge to CALCRIM No. 1191B].) Accordingly, we reject his challenge to CALCRIM No. 1191B.

*B. CALCRIM No. 226*

CALCRIM No. 226 informed the jury how to assess the credibility of witnesses and listed several factors bearing on that issue, including whether the witness had "a personal interest in how the case is decided."[3] During closing argument, the prosecutor argued Gonzalez had such an interest, and thus was not a credible witness, because "[h]e's the man on trial here."

Gonzalez contends the "personal interest" factor in CALCRIM No. 226 undermines the presumption of innocence when the defendant takes the stand because it allows the jury to use the fact he has been charged with

---

[3] The instruction informed the jurors, "In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony. Among the factors that you may consider are: [¶] How well could the witness see, hear, or otherwise perceive the things about which the witness testified? [¶] How well was the witness able to remember and describe what happened? [¶] What was the witness's behavior while testifying? [¶] Did the witness understand the questions and answer them directly? [¶] Was the witness's testimony influenced by a factor such as a bias or prejudice, a personal relationship with someone involved in the case, or a personal interest in how the case is decided? [¶] What was the witness's attitude about the case or about testifying? [¶] Did the witness make a statement in the past that is consistent or inconsistent with his or her testimony? [¶] How reasonable is the testimony when you consider all the other evidence in the case? [¶] Did other evidence prove or disprove any fact about which the witness testified? [¶] Did the witness admit to being untruthful? [¶] Has the [witness] engaged in other conduct that reflects on his or her believability?" (See CALCRIM No. 226.)

4

a crime as proof he is not telling the truth. Gonzalez contends the problem was compounded here because the prosecutor expressly relied on the personal interest factor in attacking his credibility during closing argument.

When the defendant testifies on his own behalf, however, the jury is free to consider anything in reason that may affect the truthfulness of his testimony, including his interest to avoid conviction. (*People v. Bunyard* (1988) 45 Cal.3d 1189, 1223, abrogated on other grounds in *People v. Diaz* (2015) 60 Cal.4th 1176, 1190.) That interest, which would be obvious to anyone even without instructions or argument, is fair game for comment because it logically bears on the defendant's willingness to tell the truth. (*Bunyard,* at p. 1223.)

Moreover, Gonzalez's jury "was not instructed by the court that there was any presumption of interest and bias; to the contrary, the instruction upon which the prosecutor . . . based [his] argument relating to credibility clearly left the jurors a choice as to whether to find any existence of motive or interest on the part of any witness, including defendant. Nor does the record show any argument from the prosecutor that the jury should presume guilt as the result of his status as the defendant or his interest in acquittal." (*People v. Bunyard, supra,* 45 Cal.3d at pp. 1223–1224.) Rather, consistent with CALCRIM No. 226, the prosecutor simply listed Gonzalez's interest in the case as one of many factors bearing on his credibility. Under these circumstances, there was no violation of Gonzalez's due process rights. (*Bunyard,* at p. 1223.)

II.

PRESENTENCE CREDITS

At sentencing, the trial court awarded Gonzalez 817 days of presentence credit, based on 711 days of actual custody, plus 106 days of

conduct credit under Penal Code section 2933.1, which limits such credits to 15 percent of the actual custody days when, as here, the defendant is convicted of a violent felony. But, as the parties recognize, Gonzalez actually spent 712 days in custody before he was sentenced. Therefore, although his conduct credits remain unchanged, Gonzalez is entitled to one additional day of actual custody credit and one additional day of total presentence credit.

## DISPOSITION

The judgment is modified to award Gonzalez 712 days of actual presentence custody credit and 818 total days of presentence credit. The trial court is directed to prepare an amended abstract of judgment to reflect this modification and send a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


GOODING, ACTING P. J.

WE CONCUR:


SCOTT, J.


BANCROFT, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.